UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEROME SHAQUILLE WILSON                                CIVIL ACTION

VERSUS                                                 NO. 12-2573

PRESTON RESHARD, ET AL.                                SECTION "I"(1)

## REPORT AND RECOMMENDATION

Plaintiff, Jerome Shaquille Wilson, a state pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983 against Preston Reshard, Andrew Duncan, Robert McDaniels, and Randy Seal. In the complaint, plaintiff states his claim as follows:

> Their [sic] was a water puddle in the doorway of my cell. I asked for the mop-bucket more than one time. I asked Deputy Duncan and Sargent [sic] Reshard. They never brought it to me. Then I was coming back to my cell and I slipped and fell. I bruise my right hip/leg. Mr. McDaniel and Mr. Seal is suppose [sic] to have someone to mop up water at all times.[1]

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[1] Rec. Doc. 1, p. 5.

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that plaintiff's complaint be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

## II. Plaintiff's Claim

Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

In this lawsuit, plaintiff claims that he slipped in water at the jail and injured his hip and leg. That claim should be dismissed because both the United States Supreme Court and the United States Fifth Circuit Court of Appeals have ruled that such "slip and fall" negligence claims simply are not cognizable under 42 U.S.C. § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986); Noble v. Grimes, 350 Fed. App'x 892, 893 (5th Cir. 2009); Atkins v. Sheriff's Jail Avoyelles Parish, 278 Fed. App'x 438, 439 (5th Cir. 2008); McLaughlin v. Farries, 122 Fed. App'x 692, 693 (5th Cir. 2004); Beasley v. Anderson, No. 02-11114, 2003 WL 21108537 (5th Cir. Apr. 22, 2003); Benton v. Grant, No. 01-60272, 2001 WL 1751477 (5th Cir. Dec. 27, 2001). Rather, "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twenty-ninth day of October, 2012.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.